FILED
MAY 06 2010
~~~~~~
CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GARY SCHMALTZ, as Guardian and Conservator of PETER A. SCHMALTZ,<br><br>    PLAINTIFF,<br><br>VS.<br><br>WESTERN HORIZONS CARE CENTER,<br><br>    DEFENDANT. | CIV. 10 - 5032<br><br>COMPLAINT |

The Plaintiff for his Complaint against Defendant, states and alleges as follows:

## JURISDICTION

1. Federal Jurisdiction exists due to diversity of citizenship between the parties in an amount greater than $75,000 in controversial, pursuant to 28 U.S.C. §1332(A)(1).

## THE PLAINTIFF

2. Peter A. Schmaltz is a citizen of Rapid City, Pennington County, South Dakota.

3. Guardian Gary Schmaltz is a resident of Lead, Lawrence County, South Dakota.

## DEFENDANTS

4. Western Horizons Care Center (hereinafter "WHCC"), operates a nursing home and is located in Hettinger, North Dakota and is a resident of the State of North Dakota.

## GENERAL ALLEGATIONS

5. Defendant was aware of Peter A. Schmaltz's medical condition and the care and treatment he required for his safety as a nursing home resident.

6. Defendant represented that it could adequately care for his needs. Notwithstanding this knowledge, Defendant failed to provide for Peter A. Schmaltz's needs and failed to provide sufficient staff, training, services, and supplies, to meet the needs and safety of Peter A. Schmaltz.

7. In an effort to assure that Peter A. Schmaltz would have quality care and be kept in a safe environment, Defendant held itself out to the United States Government, the State of North Dakota, and the public at large of being:

   a. Skilled in the performance of nursing, long term care, and other medical support services;

   b. A facility complying on a continual basis with all federal and state rules, regulations and industry standards established for nursing homes;

   c. A facility with properly trained staff, supervised and equipped to meet the safety needs of its nursing home residents; and

   d. Able to specifically meet the needs of Peter A. Schmaltz, in particular, and nursing home residents generally.

8. Defendant contracted both orally and in writing to properly care for Peter A. Schmaltz.

9. Defendant failed by negligently discharging its obligations of care to Peter A. Schmaltz.

10. As a consequence of the negligent acts and omissions and other breaches of duty, Peter A. Schmaltz suffered a fall sustaining a periprosthetic femur fracture together with other physical damage when abandoned and left unattended, causing serious injuries, pain and suffering, emotional distress, trauma, loss of enjoyment of life, and personal dignity.

11. Defendant was negligent in the care of Peter A. Schmaltz and breached standards of care. Defendant's negligence includes, but is not limited to the following:

   a. Defendant's failure to attain and maintain Peter A. Schmaltz's well-being, in violation of 42 C.F.R. § 483.25.

   b. Defendant's failure to promote Peter A. Schmaltz's quality of life, in violation of 42 C.F.R. § 483.15.

   c. Defendant's failure to not abuse and/or neglect Peter A. Schmaltz, in violation of 42 C.F.R. § 483.13(b) and (c).

   d. Defendant's failure to meet professional standards of quality, in violation of 42 C.F.R. § 483.20(k)(3).

   e. Defendant's failure to provide services in compliance with all applicable federal, state and local laws and professional standards, in violation of 42 C.F.R. § 483.75(e).

   f. Defendant's failure to assess and reassess Peter A. Schmaltz's condition and needs, in violation of 42 C.F.R. § 483.20(a) and (b), and 42 C.F.R. § 483.20(f) (iii).

   g. Defendant's failure to provide competent and adequately trained staff, in violation of 42 C.F.R. § 483.75. g (1) and (2).

   h. Defendant failed to ensure that, "Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care" in violation of 42 CFR §483.25.

      i.     Defendant's failure to ensure that, "(1) The resident environment remains as free of accident hazards as is possible; and (2) Each resident receives adequate supervision and assistance devices to prevent accidents" in violation of 42 CFR §483.25(h).

      j.     In failing to abide by the terms of the oral and written agreements with Peter A. Schmaltz.

      k.     In failing to abide by their own policies and procedures; and

      l.     In other manners not yet known but which may become known through the course of discovery.

12. A reasonably prudent nursing home, operating under the same or similar conditions would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of the Defendant was a proximate cause of Peter A. Schmaltz's injuries and was foreseeable to the Defendant.

13. On all occasions complained of herein, Peter A. Schmaltz was under the care, supervision, and treatment of the agents and/or employees of the Defendant. And the injuries complained herein were proximately caused by the acts and omissions of the Defendant.

14. Defendant has vicarious liability for the acts and omissions of all persons or entities under Defendant's control, either directly or indirectly, including its employees, agents, consultants, medical directors, and independent contractors, whether in house or outside entities, individuals, agencies, or pools, causing or contributing to the injuries of Peter A. Schmaltz.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

15. Plaintiff realleges each and every matter stated in paragraphs 1 through 14 above as though fully set forth herein.

16. The Defendant was negligent in the care, treatment and supervision of Peter A. Schmaltz by the following acts and omissions:

    a. Negligent in improperly supervising its employees;

    b. Negligent in the training of its employees;

    c. Negligent in understaffing the Defendant nursing home;

    d. Negligent in not taking proper precautions for the safety of Peter A. Schmaltz;

    e. Negligent in abandoning Peter A. Schmaltz and leaving him unattended in a vulnerable and unsafe manner; and

    f. As a direct and proximate result of the negligence of Defendant, Peter A. Schmaltz suffered physical pain, mental anguish, loss of enjoyment of life, past and future medical expenses.

WHEREFORE, Plaintiff prays for an award of the following damages against Defendant on the First Cause of Action.

    A. For pain and suffering, for mental injury and emotional suffering, loss of enjoyment of life, and past and future medical expenses;

    B. For prejudgment interest on attorney's fees, costs and expenses.

    C. For such other and further relief as the court deems just in the premises.

## SECOND CAUSE OF ACTION

## PUNITIVE DAMAGES

17. Plaintiff realleges each and every matter stated in paragraph 1 through 16, as though fully set forth herein.

18. Defendant purposely understaffed the nursing home facility.

19. Defendant knew or in exercise of reasonable care, should have known of the circumstances that existed at Defendant's facility and involved unreasonable risk of injury to Peter A. Schmaltz.

20. Defendant failed to correct a dangerous condition.

21. Defendant's employees deliberately left Plaintiff Peter A. Schmaltz in a dangerous and vulnerable situation in disregard for the safety and rights of Peter A. Schmaltz.

22. That Defendant failed to correct dangerous conditions and was willful wanton and reckless in its actions.

23. Defendant acted with willful and reckless disregard for the rights and safety of Peter A. Schmaltz and Plaintiff as a result is entitled to punitive damages.

WHEREFORE, Plaintiff prays for an award of the following damages against Defendant on Plaintiff's Second Cause of Action.

   A. For punitive damages caused by the willful wanton reckless disregard of Plaintiff's rights and person.

   B. For prejudgment interest on attorney's fees, costs, and expenses.

   C. For such other and further relief as the court deems just in the premises.

## PLAINTIFF HEREBY DEMANDS A JURY TRIAL

Dated this 5th day of May, 2010.

JOHNSON EIESLAND LAW OFFICES, P.C.

By: _____
Gregory A. Eiesland
4020 Jackson Boulevard
P.O. Box 6900
Rapid City, SD 57709-6900
(605) 348-7300
(605) 348-4757 (Fax)
geiesland@johnsoneiesland.com

And

Thomas A. Dickson
P.O. Box 1896
Bismarck, ND 58502-1896
(701)222-4400
(701) 258-4684 (Fax)
tdickson@dicksonlaw.com
*Attorneys for Plaintiff*

7