UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GARY SCHMALTZ, as Guardian and Conservator of PETER A. SCHMALTZ, | ) ) ) ) | CIV. 10-5032-JLV |
| Plaintiff, | ) ) ) | ORDER FOR SUPPLEMENTAL BRIEFING |
| vs. | ) ) | |
| WESTERN HORIZONS CARE CENTER, | ) ) ) | |
| Defendant. | ) | |

Pending before the court is a motion to transfer venue filed by defendant on September 7, 2010. (Docket 17). Defendant moves the court to transfer the above-captioned case to the United States District Court for the District of North Dakota, Southwestern Division, pursuant to 28 U.S.C. § 1404(a). Id. Plaintiff resists the motion. (Docket 20).

In its answer to plaintiff's complaint, defendant indicates Western Horizons Living Center, not Western Horizons Care Center, is its proper name. (Docket 6 at ¶ II). In its motion to transfer and supporting briefs, defendant refers to itself as Western Horizons Living Center. (Dockets 17, 18, & 21). Within fourteen (14) days of this order, the parties shall notify the court of the proper name of defendant. If necessary, the parties shall file a joint motion to amend the case caption.

Given the current state of the record, the court cannot determine whether venue of this case in the District of South Dakota is proper. This determination affects whether transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) is warranted. In turn, the law that applies to the case depends on the nature of the transfer. Wisland v. Admiral Beverage Corp., 119 F.3d 733, 735-36 (8th Cir. 1997); Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582, 588-89 (8th Cir. 2007) (same).

Transfer under § 1404(b) rests on the premise that plaintiff's chosen forum is proper, although inconvenient to the parties and witnesses. In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010). Transfer under § 1406(a) is warranted when plaintiff's chosen forum is improper. 28 U.S.C. § 1406(a). In its answer to plaintiff's complaint, defendant alleges it is not subject to this court's personal jurisdiction and venue in this district is improper. (Docket 6 at ¶¶ V & VI). Yet, defendant moves to transfer the case pursuant to § 1404(a), which presupposes venue in this district is proper, although inconvenient. Defendant's answer appears to be at odds with its motion.

Section 1391 of Title 28 of the United States Code authorizes a civil action founded solely on diversity jurisdiction to be filed in "(1) a judicial district where any defendant resides, if all defendants reside in the same

State,[1] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). It seems clear a substantial part of the events giving rise to plaintiff's claims occurred in the District of North Dakota. Therefore, venue in the District of South Dakota does not rest on this basis.

It is unclear, however, whether this court has personal jurisdiction over defendant. Defendant alleges it is incorporated and principally based in North Dakota and operates one nursing home in Hettinger, North Dakota. (Docket 6 at ¶¶ VIII & IX; Docket 19 at ¶¶ 2 & 3). Nowhere in the complaint or answer is it alleged defendant has contacts in South Dakota sufficient to subject it to the personal jurisdiction of this court. Thus, within fourteen (14) days of this order, the parties shall file supplemental briefing on the following issues:

(1) whether the court has personal jurisdiction over the named defendant and whether venue in the District of South Dakota is proper under 28 U.S.C. § 1391;

---

[1]"[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

(2) whether transfer is appropriate under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a);

(3) which choice of law applies in light of <u>Wisland</u>, 119 F.3d 733, and <u>Eggleton</u>, 495 F.3d 582; and

(4) whether complete diversity of the parties is destroyed if this court has personal jurisdiction over defendant.

Dated October 13, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE