UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| GARY SCHMALTZ, as Guardian and Conservator of PETER A. SCHMALTZ, | ) ) ) | CIV. 10-5032-JLV |
| Plaintiff, | ) ) | **ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE** |
| vs. | ) ) | [Docket 17] |
| WESTERN HORIZONS LIVING CENTERS, d/b/a WESTERN HORIZONS CARE CENTER, | ) ) ) ) | |
| Defendant. | ) ) | |

**INTRODUCTION**

Pending before the court is a motion to transfer venue filed by defendant Western Horizons Living Centers, d/b/a Western Horizons Care Center[1] ("WHLC"). [Docket 17]. WHLC moves the court to transfer the above-captioned case to the United States District Court for the District of North Dakota, Southwestern Division, pursuant to 28 U.S.C. § 1404(a). Plaintiff Gary Schmaltz, as guardian for his father, Peter Schmaltz, resists the motion. The district court, the Honorable Jeffrey L. Viken, referred the motion to this magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A).

---

[1]The plaintiff and defendant have stipulated to an amendment of the name of the defendant to its proper legal name, Western Horizons Living Centers ("WHLC"), d/b/a Western Horizons Care Center. See Docket No. 20, at 5 n.1; Docket No. 24, at 1.

**FACTS**

Gary Schmaltz brought suit on behalf of his father, Peter Schmaltz, against Western Horizons Living Center, d/b/a Western Horizons Care Center ("WHLC"), for injuries sustained by Peter Schmaltz while he was a resident of the Western Horizons Care Center, a nursing home operated by WHLC in Hettinger, North Dakota.  Jurisdiction is founded on the diverse citizenship of the parties and an amount in controversy greater than $75,000.  See 28 U.S.C. § 1332.  The action arose as a result of incidents alleged to have occurred at the Western Horizons Care Center on September 11, 2009.

On September 11, 2009, Peter Schmaltz was a citizen of the state of North Dakota, residing at WHLC's nursing home in Hettinger, North Dakota. The complaint alleges that, while under the care of WHLC and its staff, Peter suffered a fall, was left unattended following the fall, and as a result of the fall sustained serious physical injuries, pain and suffering, emotional distress, trauma, loss of enjoyment of life, and personal dignity.  See Docket No. 1.

Immediately after he was injured, Peter was taken to Bismarck, North Dakota, for medical treatment.  Docket No. 20, at 4.  After his condition stabilized, he received medical treatment in Rapid City, South Dakota, and relocated to the Clarkson Mountain View Health Care Facility in Rapid City. Id.  Peter is now, and was at the time the complaint in this case was filed, a citizen and resident of the state of South Dakota.  His two adult children,

2

Gary Schmaltz and Paulette Merwin, are residents of Lead, South Dakota, and Baker, Montana, respectively.[2]  They are Peter's only children.  Peter is a widower.

Peter is confined to a wheelchair, and none of his family members own a handicap-accessible vehicle.  Id.  The Clarkson Mountain View Health Care Facility has a handicap-accessible vehicle available to transport Mr. Schmaltz to and from the Federal Building in Rapid City, if his trial is held there.  Id.  Peter needs ongoing medical care and monitoring.

WHLC admits that it operates the Western Horizons Care Center, a nursing home in Hettinger, North Dakota, and that it operated the nursing home when Peter resided there and was injured.  Docket No. 6.  WHLC also operates clinics in Lemon, Bison, McIntosh, Isabel, and Faith, South Dakota.  See Docket 20, page 5.  WHLC advertizes itself as a "regional" health care provider.  Id.

WHLC asserts that on the date in question, it met the applicable standards of acceptable nursing home practice in its care of Peter Schmaltz.  WHLC denies all allegations that it was negligent, or that its actions or inactions with respect to Peter's care were willful, wanton, or reckless.  WHLC

---

[2]Gary's citizenship is not relevant to the issue of diversity jurisdiction because a guardian of an incompetent is deemed to have the same citizenship as his ward.  See 28 U.S.C. § 1332(c)(2).  However, to the extent Gary and Paulette may be witnesses at the trial of this matter, their locations are relevant to the change of venue motion under 28 U.S.C. § 1404(a).

asserts that two Certified Nurse Assistants ("CNAs") assisted Peter to the restroom immediately prior to the incident, and that they are the only persons with direct knowledge of the events leading up to Peter's injury. Docket No. 21, at 3. However, WHLC denies that those CNAs were employees of WHLC on the date in question, and represents that they were employees of Dakota Travel Nurse, a company based in Mandan, North Dakota. Id. WHLC denies that it is responsible for Mr. Schmaltz's damages, and asserts that his damages, if any exist, were caused by persons, events, circumstances, or causes over which WHLC had no control or is not responsible. Id. The location of the two CNAs in question and whether they continue in the employment of Dakota Travel Nurse is unknown presently. See Docket 21, page 3.

WHLC moves the court to transfer venue from the District of South Dakota to the District of North Dakota. Docket No. 17. The federal court for the Western Division of the District of South Dakota sits in Rapid City, South Dakota. The federal court for the Southwestern Division of the District of North Dakota sits in Bismarck, North Dakota. Hettinger, North Dakota is located 167 miles from Bismarck, North Dakota. Docket No. 20, at 4 (citing App. 6). Hettinger is located 215 miles from Rapid City, South Dakota. Docket No. 20, at 4 (citing App. 7). Mr. Schmaltz's current residence is 1.37 miles from the United States Federal Building in Rapid City. Id.

**DISCUSSION**

On October 13, 2010, the district court ordered the parties to submit
supplemental briefing to address the following issues:

(1)    Whether the court has personal jurisdiction over the named
       defendant and whether venue in the District of South Dakota is
       proper under 28 U.S.C. § 1391;

(2)    Whether transfer is appropriate under 28 U.S.C. § 1404(a) or 28
       U.S.C. § 1406(a);

(3)    Which choice of law applies in light of Wisland v. Admiral Beverage
       Corp., 119 F.3d 733 (8th Cir. 1997); and Eggleton v. Plasser &
       Theurer Export Von Bahnbaumaschinen Gessellschaft, MBH, 495
       F.3d 582 (8th Cir. 2007); and

(4)    Whether complete diversity of the parties is destroyed if this court
       has personal jurisdiction over defendant.

See Docket 23.

The parties submitted their respective briefs on these issues.  As
explained more fully below, this court finds that the district court has personal
jurisdiction over WHLC, and that the court's exercise of personal jurisdiction
over WHLC does not destroy complete diversity of the parties under 28 U.S.C.
§ 1391(3).  The court also concludes that transfer is not appropriate under
either 28 U.S.C. § 1404(a), or 28 U.S.C.  § 1406(a).

**A.    The South Dakota District Court Has Personal Jurisdiction over
        WHLC**

To evaluate whether a court's exercise of personal jurisdiction over a
nonresident defendant is appropriate, the Eighth Circuit has established a five-

part test for measuring a defendant's contacts with the forum state: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir.1994) (citing Land-O-Nod Co. v. Bassett Furniture Indus., 708 F.2d 1338, 1340 (8th Cir.1983)).

For the district court in South Dakota to maintain personal jurisdiction over WHLC, WHLC's contacts with South Dakota must be more than "random," "fortuitous," or "attenuated." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). WHLC must have purposefully availed itself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

WHLC's supplemental brief admits that the court has personal jurisdiction over it, and that a motion to transfer venue based on improper venue would not be appropriate. See Docket No. 24, at 1-2 ("WHLC determined it did not have sufficient grounds to argue the Court lacked personal jurisdiction over it in this matter," and "[B]ecause the Court has personal jurisdiction over [defendant]. . . .").

Mr. Schmaltz agrees that the District of South Dakota has personal jurisdiction over WHLC, based on WHLC's admissions and its contacts with

6

South Dakota, the forum state. <u>See</u> Docket No. 25, at 1-3. In support of this assertion, Mr. Schmaltz represents that discovery on this issue would demonstrate that WHLC has various clinics, employees, and patients in South Dakota; has South Dakota citizens serving on its Board of Directors; has advertised its services in South Dakota; and has received payments from and entered into agreements for services with entities of the South Dakota state government. <u>Id.</u> at 1, 3. According to Mr. Schmaltz, WHLC is "a large regional health care organization which provides health care services in North Dakota, South Dakota, and Montana." Docket No. 20, at 5, ¶ 7. Mr. Schmaltz also represents, and WHLC does not deny, that WHLC "operates a clinic in Lemmon, South Dakota, and has four West River Affiliated Clinics in Bison, McIntosh, Isabel, and Faith, South Dakota." Id. at ¶ 11.

Taken as true, Mr. Schmaltz's representations fairly demonstrate that WHLC purposefully availed itself of the privilege of conducting business in South Dakota, and that it could "reasonably anticipate being haled into court there." <u>Bell Paper Box</u>, 22 F.3d at 818 (quoting <u>Soo Line R.R. v. Hawker Siddeley Can., Inc.</u>, 950 F.2d 526, 528 (8th Cir.1991)). Given WHLC's acquiescence to Mr. Schmaltz's representations that sufficient contacts in South Dakota are present so as not to offend notions of due process, and its admission that the district court's exercise of personal jurisdiction over it is

proper, this court concludes that the district court has personal jurisdiction
over the defendant, WHLC.

**B.    Whether Complete Diversity is Destroyed Because the District of
South Dakota Has Personal Jurisdiction Over WHLC**

Complete diversity of citizenship is not destroyed merely because the
District of South Dakota may properly exercise personal jurisdiction over
WHLC.  Jurisdiction in this case is founded solely on the statutory grant of
diversity jurisdiction.  28 U.S.C. § 1332(a)(1); Docket No. 1, at 1.  Diversity
jurisdiction is determined by considering the parties' respective places of
*citizenship*.  28 U.S.C. § 1332.  Proper venue, on the other hand, is determined
by considering the parties' respective *residences*.  28 U.S.C. § 1391.  WHLC's
principal place of business and place of incorporation, which determine its
place of *citizenship* for purposes of diversity jurisdiction, should not be
confused with its place of *residence* for purposes of proper venue.

A corporation's citizenship and residence are not necessarily identical.  A
corporation is "deemed to be a citizen of any State by which it has been
incorporated and of the State where it has its principal place of business."  28
U.S.C. § 1332(c)(1).  There is no dispute that WHLC is a *citizen* of North
Dakota.  A corporation may be deemed to *reside* "in any judicial district in
which it is subject to personal jurisdiction at the time the action is
commenced."  28 U.S.C. § 1391(c).

The parties admit that WHLC was subject to personal jurisdiction in the District of South Dakota at the time the present action was commenced. WHLC also admits that the District of North Dakota has concurrent personal jurisdiction over it. Therefore, for purposes of proper *venue*, WHLC is a *resident* of both North Dakota and South Dakota. However, WHLC's *residence* for purposes of venue has no bearing on its *citizenship* for purposes of diversity jurisdiction. Because Mr. Schmaltz is a citizen of South Dakota, and WHLC is a citizen of North Dakota, complete diversity exists, regardless of the parties' respective residences under 28 U.S.C. § 1391.

## C.       Transfer is Not Warranted Under 28 U.S.C. § 1406(a)

Section 1406 of Title 28 provides that: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The parties agree that because the District of South Dakota has personal jurisdiction over WHLC, Mr. Schmaltz's choice of venue is presumptively correct, and transfer under 28 U.S.C. § 1406(a) is not appropriate.

Transfer under 28 U.S.C. § 1406(a) provides for transfer where a case has been filed "in the wrong division or district." Because venue is proper in the District of South Dakota under section 1391(c), as discussed in the preceding section of this order, venue has not been laid in the wrong division or

district.  Therefore, transfer pursuant to section 1406(a) for having filed a case

in an impermissible district is not available to WHLC.

**D.    Transfer is Not Warranted Under 28 U.S.C. § 1404(a)**

The remaining issue for the court, then, is whether transfer of this case

is warranted under 28 U.S.C. § 1404(a), the statute upon which WHLC

premises its motion.  Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of
> justice, a district court may transfer any civil action to any other
> district or division where it might have been brought.

<u>See</u> 28 U.S.C. § 1404(a).

Discretionary transfer under § 1404(a) may be appropriate where the

action is brought in one district or division, but might have properly been

brought in another district or division, and where the choice of forum

implicates considerations of inconvenience to the parties and witnesses.  <u>Id</u>.

Both parties concede that this action could have been filed originally in either

the District of North Dakota or the District of South Dakota.

In general, section 1404(a) transfer motions "should not be freely

granted."  <u>In re Nine Mile Ltd.</u>, 692 F.3d 56, 61 (8th Cir. 1982).  To satisfy the

"heavy burden" that rests with the movant to show why the case should be

transferred, "the movant must demonstrate that the relevant factors weigh

'strongly' in its favor."  <u>Austin v. Nestle USA, Inc.</u>, 677 F. Supp. 2d 1134, 1137

(D. Minn. 2009) (quoting  Radisson Hotels Int'l. Inc. v. Westin Hotel Co., 931

F.Supp. 638, 641 (D. Minn.1996)).

The Eighth Circuit has directed that any "case-specific factors" relevant

to convenience and fairness should be considered to determine whether

transfer is warranted.  In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010)

(citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  In

considering whether "the interests of justice" are promoted by transfer, the

court may consider factors such as "(1) judicial economy, (2) the plaintiff's

choice of forum, (3) the comparative costs to the parties of litigating in each

forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial,

(6) conflict of law issues, and (7) the advantages of having a local court

determine questions of local law."  Terra, Int'l, Inc., 119 F.3d at 696.  "Merely

shifting the inconvenience from one side to the other, . . . , obviously is not a

permissible justification for a change of venue."  Id. at 696-97 (quoting Scheidt

v. Klein, 956 F.2d 693, 966 (10th Cir. 1992)).

WHLC makes the following assertions in support of its motion to transfer

venue of this case.  First, that several necessary defense witnesses will be

inconvenienced by being required to travel from Hettinger, North Dakota, to

Rapid City, South Dakota, for hearings and the trial.  Docket No. 18, at 2.

WHLC asserts that the 215-mile round trip from Hettinger to Rapid City will

require those witnesses to engage in "extended travel time and more time taken

off of work, affecting both the employees and the nursing home's operations."
Id. WHLC also argues that several of its potential witnesses "would not be
subject to service of a subpoena because they likely do not reside within 100
miles of the federal courthouse in Rapid City." Id. at 4. WHLC speculates that
many of its prospective witnesses would likely refuse to voluntarily appear to
testify in the District of South Dakota. Id.

WHLC argues that the court should give little, if any, weight to the
argument that Peter Schmaltz's medical conditions will prevent him from
attending his trial if the venue is transferred. Because Peter Schmaltz has
been diagnosed with dementia and has been ruled incompetent, WHLC
speculates that it is unlikely that he will actually attend his trial or pretrial
hearings in his case. Docket No. 21, at 2.

WHLC argues that the interests of justice–namely, judicial economy, the
advantage of having a local court decide questions of law, and conflict of law
issues–weigh in favor of transfer. Docket No. 21, at 5 (quoting Terra Int'l Inc.
V. Miss. Chemical Corp., 199 F.3d 688, 696 (8th Cir. 1997)). WHLC asserts
that much of the physical evidence necessary for its defense is located
exclusively in Hettinger, and will have to be transported to Rapid City for trial.
Docket No. 18, at 3. WHLC also asserts that the difficulty in accessing
documents and records located at the Hettinger facility weighs in favor of
transfer. Id. Finally, WHLC argues that because the premises on which

Mr. Schmaltz was injured are located in Hettinger, a jury empaneled in the District of South Dakota might be required to travel there to view the site. Id. Implicit in WHLC's arguments is that a transfer of venue to the district court sitting in Bismarck, North Dakota, will alleviate these inconveniences.

WHLC argues that the most important factor in the consideration of the interest of justice is the conflict of law issue. Docket No. 21, at 6. WHLC argues that North Dakota law would apply under South Dakota's choice of law rules. Id. WHLC asserts that the South Dakota district court would be less able to apply North Dakota law, so the more appropriate venue is the District of North Dakota. Id. WHLC argues that because South Dakota's choice of law rules will apply, the conflict of law factor weighs in favor of transfer. Id. WHLC asserts that the balance of factors is not equal in this case, and transfer is warranted.

Mr. Schmaltz argues that the convenience of the parties, convenience of the witnesses, and the interests of justice weigh against transfer. See Docket No. 20. Specifically, he asserts that Peter Schmaltz's medical condition and confinement to a wheelchair will likely prevent him from attending his own trial if the venue is transferred to North Dakota. He represents that transportation, lodging, and medical care for Peter in Bismarck for hearings and the duration of trial will be extremely burdensome, if not impossible, to acquire.

With respect to the inconvenience to witnesses factor, Mr. Schmaltz argues that WHLC failed to name any prospective witnesses who would allegedly be inconvenienced if the venue is not transferred.  Id. at 7.  He also asserts that the very nature of civil litigation inconveniences all the involved parties, and that merely conclusory allegations of inconvenience to witnesses do not overcome WHLC's heavy burden to show why the venue should be transferred.  Id.  To the extent witness testimony is required at trial, Mr. Schmaltz argues that the testimony can be secured through the use of depositions or videoconference testimony.  Id.  Finally, Mr. Schmaltz asserts that the fact that the drive from Hettinger to Rapid City is 48 miles farther than from Hettinger to Bismarck carries little weight in showing that the parties are more inconvenienced by traveling to Rapid City.  Id. at 8.

Next, Mr. Schmaltz argues that the interests of justice do not compel a decision that transfer is appropriate.  He states that the location and volume of documents bears little weight on issues of proper venue, and that documents can be easily exchanged and transported.  Id. at 9.  Mr. Schmaltz also asserts that it is highly unlikely, given the posture of the case, that a jury view of the WHLC premises will be necessary.  To the extent that the jury needs to become acquainted with the premises, Mr. Schmaltz states that the introduction of photographs into evidence at trial will suffice.  Id.

Finally, Mr. Schmaltz argues that the case involves no complex or novel questions of law, so the district court sitting in South Dakota can properly and capably apply North Dakota state law just as well as can the district court in North Dakota. Id. at 10-11. Mr. Schmaltz argues that a transfer would merely shift the inconvenience from WHLC to him, and that his choice of forum should be accorded deference. Docket No. 20, at 5-6.

### 1.    Inconvenience to Parties

As WHLC correctly notes, a plaintiff's choice of forum is generally given "considerable deference," but that general rule is based on an assumption that the forum is a convenient one. Docket No. 18, at 5 (quoting In re Apple, Inc., 602 F.3d at 913 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981))). The Piper decision involved a Taiwanese plaintiff corporation which chose to bring suit against Apple, Inc., in the Western District of Arkansas, a forum with absolutely no connection to its principal place of business, the location of potential witnesses, or to the dispute itself. Apple, Inc. had its principal place of business in the Northern District of California, and most of its witnesses were also located there. The Eighth Circuit pointed out that a foreign plaintiff's choice of forum was entitled to substantially less deference, because in that circumstance the chance was increased that the plaintiff "chose the forum to take advantage of favorable law or to harass the

defendant." In re Apple, Inc., 602 F.3d at 913 (citing De Melo v. Lederle Labs., 801 F.2d 1058, 1062 n.4 (8th Cir. 1986)).

The circumstances of the present case are in stark contrast to those in the Piper case. Here, unlike the Apple case, the plaintiff is not foreign–Peter is a citizen of the forum he has chosen for his lawsuit. Mr. Schmaltz's choice of forum is presumptively reasonable and is entitled to deference. Terra Int'l, Inc., 119 F.3d 688 at 691. In addition, although technically WHLC is a foreign corporation–a North Dakota corporation with its principal place of business in Hettinger, North Dakota–Hettinger is located just four miles from the South Dakota state line. See Docket No. 20, at 4, ¶ 2(2). Furthermore, for purposes of venue, WHLC is a resident of both South Dakota and North Dakota. See 28 U.S.C. §§ 1391(a) and (c). WHLC's contacts with the state of South Dakota include clinics operating in several South Dakota towns, staffed by employees who reside and work in South Dakota. Given its significant contacts with the forum, WHLC could reasonably anticipate being haled into court in South Dakota. Bell Paper Box, Inc, 22 F.3d at 819 (citing Land-O-Nod Co., 708 F.2d at 1340).

Mr. Schmaltz argues that he would be significantly inconvenienced by transfer to North Dakota. He is wheelchair bound and requires substantial assistance from medical care givers in an assisted living facility and from his family members. WHLC speculates that Mr. Schmaltz's medical conditions will

make it unlikely that he actually attends hearings or the trial in this case, even if the venue remains in Rapid City, and suggests the court should accord no weight to the potential for inconvenience to Mr. Schmaltz that transfer would cause.

This court finds that the inconvenience to the parties does not weigh strongly in favor of WHLC's motion to transfer. WHLC's mere speculation that Mr. Schmaltz would not attend hearings or the trial due to his diagnosis of dementia or his degree of competency is insufficient to tip the balance in favor of transfer to the District of North Dakota. Peter Schmaltz has a right, as the injured party, to attend as little or as much of his own trial as he wishes. To require him to drive to Bismarck, North Dakota, and essentially require him to make arrangements for medical care and assisted living lodging for the duration of his trial and hearings in this case would constitute an unfair shifting of the burden from WHLC to him. Furthermore, although WHLC has established that it is a citizen of North Dakota, it does not affirmatively assert that any of its North Dakota employees would be called to testify at the trial of this matter. Finally, even if transfer is granted, WHLC is located a significant distance from the courthouse in the District of North Dakota–nearly as distant as the South Dakota courthouse.

## 2.    Inconvenience to Witnesses

WHLC argues that its employees will be inconvenienced by being required to travel to Rapid City, and that this weighs in favor of transfer. However, WHLC has named only one potential witnesses who remains currently employed at the Hettinger facility.  Docket No. 21, at 4.  WHLC speculates as to the present location of other potential witnesses, but there is no evidence before the court to justify a finding that WHLC's witnesses are more burdened than Mr. Schmaltz's witnesses by being required to travel for trial.

WHLC cites the fact that some of its witnesses would be forced to travel forty-eight miles farther to the South Dakota district court than it would if the case were transferred to the North Dakota district court.  Docket No. 18, at 2. But this court finds unavailing the argument that travel from Hettinger to Bismark, North Dakota, a distance of 215 miles, is much more inconveniencing to WHLC and its potential witnesses than travel from Hettinger to Rapid City, South Dakota, a distance of 167 miles.  <u>See</u> Docket No. 20, at 4.  WHLC will be inconvenienced by litigating in either forum, and under these facts, transfer to the North Dakota District Court would merely shift the inconvenience from one side to the other.  <u>Terra, Int'l, Inc.</u>, 119 F.3d at 696 (quoting <u>Scheidt</u>, 956 F.2d at 966).

WHLC also argues that "litigation in South Dakota would require many employees to take more time off work to travel than would likely be necessary if the case were venued in North Dakota." Docket No. 18, at 6. However, WHLC's reply brief explains that only one of six named potential witnesses are still employed with WHLC. Docket No. 21, at 2-4. WHLC assumes, but does not know, where at least five of its potential witnesses are currently employed or residing. Docket No. 21, at 3-4. Based on these representations, it is unclear whether WHLC's potential witnesses are subject to greater inconvenience by Mr. Schmaltz's choice of forum. It is equally as likely that the majority of WHLC's witnesses are *less* inconvenienced by travel to Rapid City, South Dakota, than they would be by travel to Bismarck, North Dakota.

WHLC also argues that this court is authorized to issue civil subpoenas only to persons found within the District of South Dakota, and to persons found within 100 miles of Rapid City, the situs for trial–this is known as the "100-mile bulge" rule. See Fed. R. Civ. P. 45(b)(2)(B). WHLC asserts that many of its potential witnesses will not be subject to service of a subpoena because they may live more than100 miles from the district court in Rapid City, South Dakota. Docket No. 18, at 4. Rule 45(b)(2)(B) governs the place where a subpoena may be served within the United States: "Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place . . . outside that district but within 100 miles of the place specified for the deposition, hearing, trial,

production, or inspection." Rule 45(c)(3)(A)(ii) states the circumstances under which a court must quash or modify a subpoena: where the subpoena "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ."

WHLC speculates, but does not know, where its nonparty witnesses currently reside. WHLC offers no evidence that its witnesses live in North Dakota or within 100 miles of the district court in North Dakota, or that they reside outside a 100 mile radius of the district court in South Dakota. Absent evidence that the District of North Dakota is in a better position to subpoena nonparty witnesses, this factor does not tend to favor transfer. See In re Apple, Inc., 602 F.3d 909, 914 n.1 (8th Cir. 2010).

Mr. Schmaltz argues that the medical care providers in Rapid City who cared for him immediately upon his arrival here are outside the subpoena power of the District of North Dakota, should the court transfer the case to that district. This, he argues, favors denial of the transfer motion.

To the extent WHLC claims it and its witnesses will be inconvenienced by litigating in South Dakota, the assertions presently before the court demonstrate that Mr. Schmaltz and his witnesses will be at least equally inconvenienced by litigating in North Dakota. The showing made by WHLC is insufficient to overcome its "heavy burden" to show that the inconvenience

factor weighs strongly in favor of transfer.  <u>Austin</u>, 677 F. Supp. 2d at 1137

(quoting  <u>Radisson v. Westin</u>, 931 F.Supp. at 641).

### 3.    The General Balance of Convenience

WHLC also cites in favor of transfer the fact that the conduct giving rise

to the complaint occurred solely in North Dakota.  This is a proper

consideration under the general category of the balance of convenience.  <u>See</u>

<u>Terra Int'l. Inc.</u>, 119 F.3d at 696 (citing <u>Terra, Int'l, Inc. v. Miss. Chem. Corp.</u>,

922 F.Supp. 1334, at 1361 (N.D. Iowa, 1996)).  There is no allegation before the

court that any of the conduct giving rise to the complaint occurred in any

location other than Hettinger, North Dakota.  Accordingly, this factor weighs in

favor of transfer to North Dakota.  <u>See</u> <u>Terra, Int'l, Inc.</u>, 922 F.Supp. at 696

(citing <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 882 (3d Cir. 1995)).

However, the location of the conduct giving rise to the complaint is but

one factor to consider in determining whether venue is proper in a particular

location.  28 U.S.C. § 1391(a)(2).   Venue is also proper where the claim is

brought in a district where a corporate defendant resides, regardless of whether

or how much of the challenged conduct occurred in that district.  28 U.S.C.

§ 1391(c).  Mr. Schmaltz need only have selected a *qualifying* venue, not the

venue where a majority of the conduct giving rise to the claim occurred.  This

factor alone is not enough to tip the balance in favor of transfer.

### 4.    Interests of Justice

As previously noted, in considering whether the interests of justice weigh in favor of transfer, the court should consider, among other factors, "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." <u>Terra, Int'l, Inc.</u>, 119 F.3d at 696.

### a.    Location of Documents

WHLC cites the location of documents and the ability to produce them as weighing in favor of transfer.  Docket No. 18, at 7.  The location of documents implicates considerations of judicial economy and the comparative costs to the parties of litigating in each forum, and is a relevant consideration under Eighth Circuit law.  <u>Terra Int'l Inc.</u>, 119 F.3d at 696.

To overcome the burden to show that transfer is warranted based on the location of documents, some districts have required a defendant to show that a large volume of records must be transported, the nature of the documents, and to precisely detail the burden the defendant would incur with respect to the documents if no transfer occurred.  <u>See</u>, <u>e.g.</u>, <u>Kiss My Face Corp. v. Bunting</u>, No. 02-CIV-2645 (RCC), 2003 WL 22244587, at *2 (S.D.N.Y. Sept. 30, 2003).  A showing of this nature from WHLC is conspicuously absent from the record.  It

is unknown whether 100 pages or 100,000 pages of documents must be produced to litigate and defend this case. Furthermore, the evidentiary value and relevancy of documents to be produced is unknown at this point.

Given the ease of access to documents and evidence through electronic transmissions and other technological means, the present physical location of the documents, without more, is not dispositive to the court's transfer analysis. This court believes that a distance of 215 miles is not unduly burdensome, should the need arise to refer to original documents or evidence, especially when the alternative is transporting documents a total of 167 miles. See In re Apple, Inc., 602 F.3d at 914. Merely describing the current physical location of relevant documents does not overcome WHLC's "heavy burden" of demonstrating why the case should be transferred. See Austin, 677 F. Supp. 2d at 1137 (citing Integrated Molding Concepts, Inc. v. Stopol Auctions L.L.C., Civ. No. 06-5015, 2007 WL 2263927, at *5 (D.Minn. Aug. 6, 2007) (Schiltz, J., adopting Report & Recommendation of Erickson, M.J.).

### b.    Applicable Choice of Law Rules

WHLC argues that the applicability of each state's laws is a factor weighing in favor of transfer to North Dakota. Docket No. 18, at 7-8. Specifically, WHLC asserts that North Dakota substantive law will apply in this case and that the North Dakota district court is better able to apply North Dakota state law than is the South Dakota district court. Id. at 8.

Mr. Schmaltz argues that it is premature at this point to determine which state's substantive law will apply to his claims.

The general rule is that a district court sitting in diversity must apply the choice of law provisions of the forum state. Eggleton, 495 F.3d at 584; Simpson v. Liberty Mut. Ins. Co., 28 F.3d 763, 764 (8th Cir. 1994). If a transfer based on section 1404(a) occurs, "the transferee court applies the choice-of-law rules of the state in which the transferor court sits. Id. at 586 (quoting Ferens v. John Deere Co., 494 U.S. 516, 531 (1990)). "This is because '[t]here is nothing . . . in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue.'" Eggleton, 495 F.3d at 586 (quoting Van Dusen v. Barrack, 376 U.S. 612, 633-34 (1964)). Whether or not the case is transferred, then, the district court which hears this case must apply South Dakota's choice of law provisions to determine which state's substantive law to apply to Mr. Schmaltz's claims. Id. at 584.

As WHLC correctly points out, South Dakota's choice of law rules provide that the district court should apply the substantive law of the state with the most significant relationship to the challenged conduct. Docket No. 18, at 8 (citing Chambers v. Dakotah Charter, Inc., 488 N.W.2d 63, 67 (S.D. 1992)). Under the most significant relationship test, to determine the applicable state law, the court should consider "(a) the place where the injury occurred; (b) the

place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered." Id. at 68.

A consideration of these factors demonstrates that the substantive law of the state of North Dakota will likely apply in this case. Mr. Schmaltz's injury occurred in North Dakota. The conduct to have allegedly caused his injuries occurred in North Dakota. Although the parties' current residences are now not the same, the relationship between WHLC and Peter Schmaltz was centered in North Dakota. These factors suggest that either district court will be bound to apply North Dakota state law to the dispute between Mr. Schmaltz and WHLC. Although the court agrees with Mr. Schmaltz that it is early in this case, it is hard to see how further discovery will alter the analysis of the above factors.

However, the mere fact that the South Dakota district court is called upon to apply another state's laws does not warrant transfer. There is no reason to believe that North Dakota's tort law is so complicated or unusual that only the North Dakota district court would be able to competently apply the law.

In summary, the court observes that this action could have been venued originally in either the District of North Dakota or the District of South Dakota.

Under § 1404(a), Mr. Schmaltz's selection of one of two appropriate forums is entitled to deference. WHLC bears a heavy burden to demonstrate that the convenience of the parties, the witnesses, and the interests of justice strongly favor transfer to the District of North Dakota. WHLC has not carried its burden. Regardless of whether this action remains in this district or is transferred, WHLC and its witnesses may have to travel a significant distance to attend the trial.[3] The same is not true for the plaintiff, Peter Schmaltz. If the action remains where it is currently venued, this disabled party will have medical care and transportation at hand and will not have to travel more than two miles to reach the courthouse. If the case is transferred to North Dakota, significant obstacles and hardships will be placed on Peter. The fact that North Dakota substantive law will probably apply to resolve Mr. Schmaltz's claims and that the conduct giving rise to Peter's claims occurred in North Dakota favors transferring the case, but these are not significant enough factors on their own to tip the balance in favor of transfer. Finally, unlike the Apple case, there is nothing in the record to suggest that Peter's choice of forum was for any improper, forum-shopping purpose. The court, thus, concludes that transfer is not warranted based on the current record before the court.

---

[3]The court uses the word "may" because WHLC has not demonstrated definitively where its witnesses are located.

**D.      Motions Pursuant to 1404(a) May be Renewed**

Section 1404(a) sets deadline for the time by which a motion to transfer may be made.  15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3844 (3d ed. 2010).  Motions made under section 1404(a) are not considered objections to improper venue under Federal Rule 12(b)(3), which "must be made before the answer and consolidated with other preliminary defenses." Id. (citing Fed. R. Civ. P. 12(g) and (h)).  "As a result, it has been held that a Section 1404(a) motion is proper, on one end of the time spectrum, even before service of process and, at the other, after the jury has failed to agree at a trial of the case, or even after final judgment when modification of the decree is at issue. 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3844 (3d ed. 2010) (internal citations omitted). Significant delays in bringing a motion to change venue have been permitted, but the parties should act with "reasonable promptness" in bringing motions under 1404(a).  Id. (citing N2 Consulting, LLC v. Engineered Fastener Co., No. 3-02-CV-0309-BD, 2002 WL 31246770, at *2 (N.D.Tex. Oct. 2, 2002)).

As this case develops, a renewed motion to transfer venue may become appropriate.  Mr. Schmaltz filed his complaint on May 6, 2010, and the case is still in its early stages.  See Docket No. 1.  Discovery conducted from this point forward may reveal information making necessary the addition of other parties to the action.  For example, either party may at some point in the future seek

to add Dakota Travel Nurse as a party to this action, since the persons who dropped Mr. Schmaltz were allegedly employees of that entity rather than WHLC. Docket No. 21, at 4. The addition of another party with a different set of contacts with the District of South Dakota may alter the analysis under § 1404(a). In addition, as noted above, many of the locations of witnesses, or even who will be called as a witness at trial, remains unclear at this juncture.

Should Dakota Travel Nurse be later added as a named defendant, and if the whereabouts of other trial witnesses become known, changed circumstances regarding the convenience of witnesses and the interests of justice may tip the balance in favor of transfer. Accordingly, the motion for transfer of venue may be renewed upon a showing of changed circumstances. See, e.g., General Tire & Rubber Co. v. Watkins, 373 F.2d 361, 368 (4th Cir.), cert. denied, 386 U.S. 960 (1967) (issuing mandamus to require the granting of a motion to transfer which had previously been denied, in the face of "a complete change of conditions which had taken place since the [motion to transfer] was originally denied."); and United States Lines Co. v. MacMahon, 285 F.3d 212, 212 (2d Cir. 1960) (granting request for writ of mandamus and directing the district court to strike the words "without leave to renew" and "with prejudice" from two of the court's previous orders denying petitioner's motion to transfer venue under 28 U.S.C. § 1404(a)). Therefore, although the court denies WHLC's motion at this time, such denial is without prejudice to

WHLC's right to renew the motion at some point in the future if changed or additional circumstances can be established.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the defendant WHLC's motion to transfer venue (Docket No. 17) is denied without prejudice.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. Id. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court

Dated November 8, 2010.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE